UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG,

    Plaintiff,

v.

STACEY REAM,

    Defendant.
_____/

Case No. 19-10729

Honorable Nancy G. Edmunds

### ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JUNE 30, 2020 REPORT AND RECOMMENDATION [33]

This is a *pro se* civil rights action brought Plaintiff Ardra Young. Plaintiff is a prisoner of the Michigan Department of Corrections confined at the Gus Harrison Correctional Facility.[1] He claims that Defendant Stacey Ream—a grievance coordinator at his facility—unlawfully retaliated against him for exercising his right to free speech in violation of the First Amendment to the United States Constitution.

Pending before the Court is the Magistrate Judge's December 16, 2020 Report and Recommendation. (ECF No. 33.) The Magistrate Judge recommends that the Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment. Plaintiff raises several objections to the Magistrate Judge's Report and Recommendation. (ECF Nos. 36, 40.)[2] Defendant opposes Plaintiff's objections. (ECF

---

[1] The facility is referred to by the parties as "ARF."

[2] The Court **GRANTS IN PART** Plaintiff's motion for an extension of time to file objections to the Magistrate Judge's Report and Recommendation but **DENIES** the motion in all other respects. (ECF No. 35.) The Court also **GRANTS** Plaintiff's motion for leave to file amended objections. (ECF No. 40.) As such, the Court will consider all objections raised by Plaintiff to the Magistrate Judge's Report and Recommendation.

1

No. 39.) The Court has conducted a *de novo* review of Plaintiff's objections and the entire record in this matter. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Plaintiff's motion for summary judgment, and **GRANTS** Defendant's motion for summary judgment.

## I.  STANDARD OF REVIEW

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

## II.  PLAINTIFF'S OBJECTIONS

**A. Objection 1: whether the Magistrate Judge erred by relying on Defendant's affidavit to establish that Defendant would have taken the same adverse action notwithstanding the protected nature of Plaintiff's conduct.**

The Magistrate Judge found that Plaintiff failed to raise a material question of fact as to the evidence Defendant presented establishing that she would have imposed the same adverse action notwithstanding the protected nature of Plaintiff's conduct. Plaintiff argues the Magistrate Judge erred in reaching this conclusion because: (1) Defendant

did not establish that she feared for her safety as a result of Plaintiff's letter; and (2) contrary to the Magistrate Judge's findings, Plaintiff did in fact produce evidence to counter Defendant's affidavit. To this end, Plaintiff claims the fact that he was allowed to stay at ARF after this incident establishes that Defendant did not view his actions as threatening and therefore that she would not have issued the insolence misconduct report against him but for his invocation of the protected activity.

This objection is overruled. As Defendant points out, none of Plaintiff's allegations rebut Defendant's evidence that she is uncomfortable with inmates using her first name and that she regularly issues insolence misconduct charges when inmates use her first name because she feels harassed. Whether or not Defendant felt threatened by Plaintiff's letter is not the issue—the issue is whether Defendant generally issues insolence misconduct reports when inmates use her first name regardless of whether they are engaging in protected activity. Here, the Magistrate Judge found that Plaintiff failed to raise a genuine issue of material fact on this point, and the Court agrees with the Magistrate Judge's conclusion. Accordingly, Plaintiff's objection is overruled.

**B. Objection 2: whether the Magistrate Judge erred by (1) considering evidence outside of MDOC policy directives and (2) failing to consider evidence that MDOC policy directives specifically require inmates to include full names of employees in connection with the grievance process.**

Plaintiff objects to the Magistrate Judge's consideration of certain evidence related to MDOC policy directives and the conformity of Defendant's conduct therewith.[3] More specifically, Plaintiff contends the Magistrate Judge erred by considering evidence that Defendant acted outside of MDOC policy directives. According to Plaintiff, Defendant

---

[3] The Court has combined Plaintiff's objections related to this issue for analysis here.

3

was beholden to MDOC policy directives and therefore had no discretion to conduct herself in a manner separate and apart from MDOC policy directives. Plaintiff also argues that his use of Defendant's full name in the address line of the letter was procedurally required under MDOC policy directives, and therefore it was Defendant who acted improperly for punishing him for merely following the rules.

Plaintiff's objections are overruled. As an initial matter, Plaintiff does not affirmatively establish that he was required to use Defendant's full name in sending her the letter. Moreover, Plaintiff's objections fail because the Magistrate Judge did consider the issues and evidence Plaintiff raises again here. And the Magistrate Judge found—in Plaintiff's favor—questions of fact existed as to whether Plaintiff's letter constituted protected conduct under the First Amendment. However, as the Magistrate Judge found, neither MDOC policy directives, nor Defendant's alleged failure to adhere to them, creates a genuine issue of material fact as to the casual connection between the alleged protected conduct and the adverse action taken by Defendant. In other words, Plaintiff's objections ignore the Magistrate Judge's finding that Defendant generally issues insolence misconduct reports when inmates use her first name, notwithstanding issues of fact as to whether such a practice is consistent with MDOC directives. As the Magistrate Judge explained:

> While Ream's contentions may not answer the question of whether she properly applied the MDOC's "insolence" standard, that question is not before the Court; Young's claim is not that Ream violated his First Amendment rights by punishing him for addressing her by her first name. Rather, Young's specific claim is that Ream punished him simply because he complained to her about her handling of G2. But Young presented no evidence to counter the distinct factual averments proffered by Ream as to why, separate and apart from (1) any formal policy against the use of first names by inmates, and (2) the substance of Young's Letter, she believed his conduct constituted "insolence."

4

(*See* ECF No. 33 at 14-15.)  Having considered the entire record on this matter, the Court agrees with the Magistrate Judge's resolution of this issue and finds no error in the Magistrate Judge's analysis.  Accordingly, Plaintiff's objections are overruled.

### C. Objection 3: Whether the magistrate judge erred by failing to consider Defendant's alleged noncompliance with the Court's prior discovery order.

Plaintiff contends the Magistrate Judge should have denied Defendant's motion for summary judgment because Defendant allegedly failed to comply with the Court's order compelling Defendant to produce certain documents and communications.  This objection is overruled.  As the Magistrate Judge observes in his order denying Plaintiff's request for the appointment of counsel, the discovery sought by Plaintiff would have no impact on the ultimate outcome of the motion for summary judgment. (ECF No. 34.)[4]  In addition, Plaintiff fails to establish that Defendant failed to comply with her discovery obligations.  The record reflects that a diligent search of Defendant's e-mails was conducted and no responsive, non-privileged, documents were found to produce.  The Court finds no error in the Magistrate Judge's handling of discovery or the summary judgment evidence.

### III. CONCLUSION

For the above-stated reasons, and for the reasons provided in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Plaintiff's motion for summary judgment, and **GRANTS** Defendant's motion for summary judgment.

---

[4] This order was entered the day after the Magistrate Judge entered the Report and Recommendation.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  December 16, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 16, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
