UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG,

    Plaintiff,

v.

STACEY REAM,

    Defendant.

_____/

Case No. 19-cv-10729

Honorable Nancy G. Edmunds

Magistrate Judge David R. Grand

**ORDER DENYING MOTION FOR RECONSIDERATION [43]**

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Ardra Young, proceeding *pro se,* filed a complaint against Defendant Stacey Ream, a Grievance Coordinator at the facility where Plaintiff is incarcerated, claiming that Defendant violated his constitutional rights by retaliating against him for exercising his right to protected speech in violation of the First Amendment to the United States Constitution. The case was referred to a magistrate judge for all pretrial proceedings. Both Defendant and Plaintiff filed motions for summary judgment. (ECF Nos. 22, 23.) The magistrate judge issued a report and recommendation recommending that Defendant's motion be granted, and Plaintiff's motion be denied. Plaintiff filed objections. The Court agreed with the magistrate judge, adopted the report and recommendation, and dismissed the case. (*See* ECF No. 41, Order Accepting and Adopting the Magistrate Judge's June 30, 2020 Report and Recommendation.)

Now before the Court is Plaintiff's motion for reconsideration in which he requests that the Court reconsider and reverse its Order adopting the report and recommendation

1

and dismissing the case. Eastern District of Michigan Local Rule 7.1(h) applies to motions for reconsideration and provides, in relevant part:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff fails to satisfy this standard. Plaintiff says the Court overruled his "Objection No. 1" on the grounds that "he failed to rebut the evidence that Defendant 'regularly issue[d] insolence misconduct charges when inmates use[d] her first name because she feels harassed." (ECF No. 43, PageID.420-21 quoting ECF No. 41, PageID.411.) According to Plaintiff, the record does not contain this evidence and therefore the Court's reliance on the same was palpable error.

Plaintiff is correct that Defendant's affidavit does not contain evidence that Defendant regularly issued misconduct reports to other prisoners who referred to her by her first name. Regardless, as the magistrate judge noted in his report and recommendation, Defendant "satisfied her burden of showing that she would have taken the same action in the absence of Young's protected activity" (ECF No. 33, PageID.337) and Plaintiff failed to raise a material question of fact as to the evidence Defendant did present, *to wit*, her affidavit that explained *why* she issued the misconduct report to Plaintiff. Accordingly, Plaintiff cannot show causation and summary judgment was properly granted to Defendant.

Plaintiff also argues reversal of the Order is appropriate because the Court did not discuss Plaintiff's assertion that Defendant's affidavit was "self-serving, uncorroborated, and invented post hoc in response to litigation." (ECF No. 43, PageID.422.) But Plaintiff

2

later responds to his own argument stating "[a]t the time Defendant issued the insolence misconduct report in this case, she stated that she did so because Plaintiff's letter was harassing, degrading, and caused alarm in her" (ECF No. 43, PageID.423 quoting ECF No. 33, PageID.326.) In other words, Defendant *did not* issue the misconduct report because of Plaintiff's protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (requiring the adverse action to be "motivated at least in part by the plaintiff's protected conduct.")

Plaintiff's remaining arguments either fail to understand the Court's order or raise issues already considered by the Court and the magistrate judge. None of these arguments change the fact that Plaintiff did not rebut Defendant's evidence that Plaintiff's engagement in protected conduct was not a motivating factor in her decision to issue a misconduct report to Plaintiff. The Court therefore finds that the magistrate judge correctly analyzed Plaintiff's claims and did not err in setting out the facts or applying the law.

Plaintiff has failed to demonstrate a palpable defect by which the Court has been misled or otherwise show that the Court's decision adopting the report and recommendation and dismissing the case was entered in error. Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

SO ORDERED.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: August 29, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2021, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager