UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG,

                Plaintiff,

v.

STACEY REAM,

                Defendant.
_____/

Civil Action No. 19-10729

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT (ECF Nos. 44, 46)

Before the Court is a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(3) filed by Plaintiff Ardra Young ("Young") on March 11, 2021. (ECF No. 44). Defendant Stacey Ream ("Ream") filed a response to this motion on March 25, 2021 (ECF No. 45), and Young filed a reply on April 14, 2021 (ECF No. 47). Young filed a second Motion for Relief from Judgment on April 14, 2021 – this time pursuant to Fed. R. Civ. P. 60(b)(2) (ECF No. 46) – to which no response was filed.

An Order of Reference was entered on August 30, 2021, referring both motions to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (ECF No. 49).[1]

---

[1] On November 4, 2021, Young filed a Motion for a Hearing on His Pending Motions for Relief from Judgment. (ECF No. 50). Generally speaking, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1.(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record and declines to order a hearing at this time. Thus, the Court will deny Young's Motion for a Hearing on His Pending Motions for Relief from Judgment (ECF No. 50).

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Young's Motions for Relief from Judgment **(ECF Nos. 44, 46)** be **DENIED**.

**II.   REPORT**

    **A.    The Relevant Facts**

This is a *pro se* civil rights action brought under 42 U.S.C. § 1983 by Young, who is a prisoner of the Michigan Department of Corrections ("MDOC"), confined at the Gus Harrison Correctional Facility ("ARF"). Ream is a Grievance Coordinator at ARF. In his complaint, Young alleges that Ream unlawfully retaliated against him for exercising his right to protected speech in violation of the First Amendment.

On November 7, 2018, Young filed a grievance ("G1") against Janet Campbell ("Campbell"), ARF's Health Unit Manager, related to her alleged failure to provide treatment for Young's ear infection. (ECF No. 1, PageID.3). Young claims Campbell reviewed that grievance in violation of MDOC policy. (*Id.*). Young filed a subsequent grievance ("G2") seeking redress for the alleged improper handling of G1, claiming that he was deprived of his right to due process within the grievance process. (*Id.*). G2 was denied without a "Step I" interview, which Young claims is mandated under MDOC policy. (*Id.*). Young then filed a subsequent grievance ("G3") seeking redress for the failure to interview him regarding G2. (*Id.*). G3 was rejected as being duplicative of a previously filed grievance. (*Id.*).

On or about December 18, 2018, Young sent a handwritten letter to Ream (the "Letter") asking to have the protocol followed with respect to G2 and requesting to be

interviewed. (*Id.*, PageID.11). The Letter states, in full:

> To: Stacey Ream
> ARF Grievance Coordinator
> Re: ARF-2018-12-3122-27z
>
> I am in receipt of the Grievance Receipt for the above-described grievance, wherein you have declared my issue "Non-Grievable."
>
> The grievance at issue complains of the fact that I was not interviewed at Step I as is expressly required by P.D. 03.02.130(Y). It is beyond dispute that I was not interviewed, and it is likewise beyond dispute that none of the three exceptions/justifications allowed by policy were applicable in this instance.
>
> And yet you are rejecting my grievance as being "Non-Grievable."
>
> P.D. 03.02.130(E) states that "[g]rievances may be submitted regarding alleged violations of policy…including alleged violations of [P.D. 03.02.130] and related procedures.["] That is exactly what I did in my Step I grievance – I complained of the failure to follow the grievance policy.
>
> I am therefore imploring you to process my grievance as policy dictates. My grievance has merit and should be given the attention that it deserves.
>
> If you choose to do otherwise, I will grieve this matter and contact every available outside source, ombudsman, et cetera. I really do not wish to go down this road with you, but rejecting my grievance is an intolerable denial of due process.
>
> I truly hope that this can be resolved locally. I intend no disrespect.
>
> Ardra Young #260575
> 2-127-B

(*Id.*)

The very next morning, Ream issued a Misconduct Report against Young, charging him with "insolence" for addressing the Letter using Ream's first and last name. (*Id.*, PageID.12). Specifically, the Misconduct Report stated, "On the above date and time this

3

prisoner submitted a kite with the name Stacey Ream. First names are not the intended way to communicate with staff. This behavior was intended to harass, degrade and cause alarm in this employee." (*Id.*).

In addition to the Misconduct Report, Ream sent the Letter back to Young with some of her own handwriting. First, Ream crossed out her first name in the header and wrote, "not authorized to communicate in this fashion (426[2])." (*Id.*, PageID.12) (footnote added). Second, where Young had cited the interview policy for grievances, Ream wrote, "Thats [sic] not what policy states – Read again." (*Id.*). After a hearing, Young was found guilty of the insolence misconduct, and as a result, he was confined to his cell for five days and lost "disciplinary credits" and other privileges. (*Id.*, PageID.5).

### B.  Procedural History

On June 30, 2020, this Court issued a Report and Recommendation ("R&R") to grant Ream's Motion for Summary Judgment and to deny Young's Motion for Summary Judgment. (ECF No. 33). In doing so, the Court found that while there was a genuine issue of material fact as to whether the Letter constituted protected activity under the First Amendment, and as to whether the insolence misconduct charge issued by Ream constituted an adverse action for purposes of a First Amendment retaliation claim, there was no genuine issue of material fact as to the "causal connection" prong of Young's retaliation claim because Ream satisfied her burden of showing that she would have taken the same action even in the absence of Young's protected activity. (*Id.*). On December

---

[2] "426" is the MDOC's code number for an "insolence" charge.

16, 2020, the Honorable Nancy G. Edmunds issued an Order Accepting and Adopting the R&R. (ECF No. 41). On December 30, 2020, Young filed a Motion for Reconsideration (ECF No. 43), which Judge Edmunds denied on August 29, 2021 (ECF No. 48).

In the meantime, Young filed the pending motions for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(2) and 60(b)(3). (ECF Nos. 44, 46). Both motions are now fully briefed and ready for ruling.

### C. Standard of Review

Fed. R. Civ. P. 60(b) provides, in relevant part, "[T]he court may relieve a party … from a final judgment, order, or proceeding for the following reasons: … (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party …." "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Accordingly, a party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *See Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F. 3d 448, 454 (6th Cir. 2008) (citing cases).

### D. Analysis

#### 1. *Relief from Judgment Under Rule 60(b)(3)*

Young first argues that he is entitled to relief from judgment under Fed. R. Civ. P. 60(b)(3) "on the ground that a fraud has been perpetrated upon this court." (ECF No. 44,

5

PageID.433). Specifically, Young asserts that Ream, through her attorney, falsely misrepresented that she searched for – and did not find – documents that this Court previously ordered her to produce.

As set forth above, Rule 60(b)(3) permits relief in cases of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." These are situations in which an "adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question[.]" *Info-Hold*, 538 F.3d at 455 (internal quotation marks omitted) (first alteration in original). The Sixth Circuit has defined such fraud as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Id.* at 456 (citing BLACK'S LAW DICTIONARY 685 (8th ed. 2004)).

Here, the evidence shows that, on November 27, 2019, Young mailed discovery requests to Ream's counsel, seeking emails sent or received by Ream regarding Young between two periods: from November 7, 2018, to January 30, 2019, and from June 1, 2019, to November 15, 2019. (ECF No. 19, PageID.75). Ream objected to the production of emails from the latter period of time, arguing that they were irrelevant. (*Id.*). Young then filed a motion to compel, and on February 28, 2020, this Court granted Young's motion to the extent it sought to compel production of emails that mentioned Young from June 1, 2019, to November 15, 2019. (ECF No. 20, PageID.91).

In his Rule 60(b)(3) motion, however, Young asserts that a third party acting on his behalf submitted a request to the Michigan Department of Technology, Management, and Budget ("DTMB"), pursuant to the Michigan Freedom of Information Act, and learned that

6

two searches of Ream's email were performed, but neither covered the time period in question (June 1, 2019 to November 15, 2019). (ECF No. 44, PageID.439-40). Thus, Young argues that Ream's attorney committed fraud on the court by claiming to have reviewed email search results for this time period, and to have found no responsive documents, when no such search was actually performed.

In response to Young's motion, however, Ream's counsel provided the Court with the actual e-mail showing that a search was conducted by the DTMB of Ream's email over the appropriate dates. (ECF No. 45-1). That email indicates that "34 items" were found and provides a link to a discovery database where those documents could be reviewed. (*Id.*). Young challenges the wording of this email, asserting in his reply brief that "the DTMB email indicates that [Ream] requested a search of her mailbox and online archive … [but] does not state that [Ream] or her attorney had been provided with any actual emails located as a result of this search." (ECF No. 47, PageID.479). But, Young's argument ignores that Ream's attorney specifically averred, "Of the emails and attachments returned by DTMB's search between June 1 and November 15, 2019, no non-privileged documents mentioned Plaintiff Young. The emails mentioned either other prisoners or MDOC employees with the common surname of Young. Young was thereafter informed that no responsive documents existed." (ECF No. 45, PageID.450). Thus, Ream's attorney has represented to the Court that the requested e-mails were in fact reviewed, and Young has come forward with no evidence rebutting this assertion, let alone clear and convincing evidence of fraud that would justify setting aside the judgment in this case. For these reasons, there is no merit to Young' Rule 60(b)(3) motion for relief from judgment.

7

### 2. *Relief from Judgment Under Rule 60(b)(2)*

In his second motion, Young argues that he is entitled to relief from judgment under Fed. R. Civ. P. 60(b)(2) because, on April 1, 2021, he discovered new evidence "not available to him at the summary judgment phase proving that [Ream] made false statements in her affidavit in support of [her] motion for summary judgment." (ECF No. 46, PageID.462). Specifically, Young points to the following statements made by Ream in her affidavit:

> 11. I was alarmed by Young's use of my first name in his written communication to me on December 17, 2018, because it suggested that Young had become too comfortable and that there was a heightened risk of violence due to Young's level of comfort.
>
> \* \* \*
>
> 15. I would have issued Young the insolence misconduct even if he had not filed grievances, because his letter was insolent by causing me to fear for my safety.

(ECF No. 22-3, PageID.136-37). In finding that Young failed to raise a material question of fact that Ream would have taken the same action against him even in the absence of any protected activity, both the undersigned and Judge Edmunds considered Ream's averments that Young's Letter caused her to fear for her safety. (ECF No. 33, PageID.337-38; ECF No. 41, PageID.411).

In his motion, however, Young claims that, on April 1, 2021, more than two full years after the incident in question, he was ordered to report to the "school building" regarding a grievance he filed the day before. (ECF No. 46, PageID.463-64). When he did so, an unidentified woman approached him, "positioning herself into close contact with

8

him." (*Id.*, PageID.464). Ultimately, Young asked the woman for her name "and was taken completely aback when she identified herself as 'Ream.'" (*Id.*). Young claims that Ream's conduct on April 1, 2021, "wherein she initiated private and close-contact encounter with [him] is irreconcilable with her summary judgment affidavit claims that [Young] posed a 'heightened risk of violence' toward her and that she feared for her safety." (*Id.*, PageID.466).

There are two problems with Young's argument that Ream's conduct on April 1, 2021, is evidence that she "submitted a false affidavit in support of her motion for summary judgment," justifying relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2). (*Id.*, PageID.463). First, as a general matter, the "newly discovered evidence" giving rise to a Rule 60(b)(2) motion "must pertain to evidence which existed at the time of trial." *Davis v. Jellico Cmty. Hosp., Inc.,* 912 F.2d 129, 136 (6th Cir. 1990). This newly discovered evidence may not merely be probative of facts in existence at the time of trial but must itself establish such facts. *See Satyam Computer Servs., Ltd. v. Venture Global Eng'g, LLC,* 323 F. App'x 421, 427-28 (6th Cir. 2009) (declining to review letters that surfaced several months after final judgment tending to show that the defendant may have misrepresented the nature of its approval of a transfer of shares). Given that Young's April 1, 2021, interaction with Ream occurred after final judgment was issued on December 16, 2020, it may not form the basis of a Rule 60(b)(2) motion.

Moreover, the interaction at issue occurred more than two years after the events at issue in this case, and the fact that Ream might have spoken with Young at close range regarding a grievance filed on March 31, 2021, is simply not evidence as to how she felt

9

when receiving Young's letter some two years prior. Young's assertion that Ream's conduct in April 2021 somehow renders false the statements she made regarding how she felt in December 2018 is wholly speculative. Indeed, countless factors, including the lack of any significant issues between Young and Ream in the intervening two-plus years, and Ream's professional experiences, in general, during that time, could explain any perceived distinction between her alleged conduct in December 2018 and April 2021. Additionally, Ream was concerned in 2018 about *Young's* conduct, whereas Young is attempting to prove his point by reference to *Ream's* conduct. Particularly in the prison setting, where Ream is in a position of authority over Young, that is not an apples-to-apples comparison. At bottom, Ream's alleged actions are far too remote in time and equivocal in nature to constitute the clear and convincing evidence required to justify granting relief from judgment. For all of the above reasons, Young' Rule 60(b)(2) motion for relief from judgment fails.

### III.   CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Young's Motions for Relief from Judgment **(ECF No. 44, 46)** be **DENIED**.

Dated: December 1, 2021　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and

recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2021.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager