UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG,

      Plaintiff,                             Case No. 19-cv-10729

v.                                      Honorable Nancy G. Edmunds

STACEY REAM,                      Magistrate Judge David R. Grand

      Defendant.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [55] AND DENYING PLAINTIFF'S MOTIONS TO VACATE [56], FOR RELIEF FROM JUDGMENT [57], AND TO SUPPLEMENT [60]**

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff Ardra Young, proceeding *pro se,* filed a Complaint against Defendant Stacey Ream, a Grievance Coordinator at the facility where Plaintiff is incarcerated, claiming that Defendant violated his constitutional rights by retaliating against him for exercising his right to protected speech in violation of the First Amendment to the United States Constitution. (ECF No. 1.) Before the Court are Plaintiff's Objections to the December 1, 2021 Report and Recommendation by the magistrate judge (ECF No. 55), Plaintiff's motion to vacate the Court's December 20, 2021 order (ECF No. 56), Plaintiff's March 9, 2022 motion for relief from judgment (ECF No. 57), and Plaintiff's May 9, 2022 motion to supplement (ECF No. 60).

Plaintiff's March 9, 2022 motion for relief from judgment is time-barred as it pertains to a judgment entered more than one year prior to the filing of his motion. *See* Fed. R. Civ. P. 60(c)(1). Accordingly, Plaintiff's March 9, 2022 and May 9, 2022 motions are

1

DENIED. (ECF Nos. 57, 60.) For the following reasons, the Court also DENIES Plaintiff's January 5, 2022 motion to vacate (ECF No. 56) and OVERRULES Plaintiff's objections to the most recent report and recommendation (ECF No. 55).

## I. Procedural History

On March 16, 2020, both Plaintiff and Defendant filed motions for summary judgment. (ECF Nos. 22, 23.) The magistrate judge issued a report and recommendation recommending that Defendant's motion be granted, and Plaintiff's motion be denied. (ECF No. 33.) The Court agreed with the magistrate judge and on December 16, 2020, it adopted the report and recommendation and dismissed the case. (ECF No. 41.)

On December 30, 2020, Plaintiff filed a motion for reconsideration of the December 16, 2020 order. (ECF No. 43.) The Court denied Plaintiff's motion for reconsideration on August 29, 2021 (ECF No. 48.) Before the motion was denied, however, Defendant filed two additional motions for relief from judgment. (ECF Nos. 44, 46.) The motions for relief from judgment were referred to the magistrate judge and on December 1, 2021, he issued a report and recommendation recommending that the Court deny both motions.[1] (ECF No. 52.) On December 20, 2021, the Court accepted and adopted the December 1, 2021 report and recommendation noting that no objections had been received from either party. (ECF No. 54.) Following entry of that order, on December 27, 2021, the Court received and docketed Plaintiff's objections which were dated December 13, 2021, making them timely objections. (ECF No. 55.) The Court has since reviewed the objections and finds they do not change the outcome here.

---

[1] The magistrate judge also denied a separate motion from Plaintiff in which he requested a hearing on his pending motions. (ECF Nos. 50, 53.)

2

## II. Legal Standards

### A. *De Novo* Review of Objections

Upon receipt of a report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id. See also* Fed. R. Civ. P. 72(b)(3).

The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932

F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

### B. Motions for Relief From Judgment

Plaintiff's objections relate to his two motions for relief from judgment filed under Fed. R. Civ. P. 60(b)(2) and (3). (ECF Nos. 44, 46.) Rule 60(b) provides, in relevant part, "[T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. . . ." "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Accordingly, a party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *See Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F. 3d 448, 454 (6th Cir. 2008) (citing cases).

## III. Analysis

### A. Objection Number One

#### *1. Additional Background Information Pertaining to First Objection*

The following background is taken from the magistrate judge's December 1, 2021 report and recommendation ("R&R"):

> [O]n November 27, 2019, [Plaintiff] mailed discovery requests to [Defendant's] counsel, seeking emails sent or received by [Defendant] regarding [Plaintiff] between two periods: from November 7, 2018, to January 30, 2019, and from June 1, 2019, to November 15, 2019. (ECF No. 19, PageID.75). [Defendant] objected to the production of emails from the

4

latter period of time, arguing that they were irrelevant. (*Id.*) [Plaintiff] then filed a motion to compel, and on February 28, 2020, [the magistrate judge] granted [Plaintiff's] motion to the extent it sought to compel production of emails that mentioned [Plaintiff] from June 1, 2019, to November 15, 2019. (ECF No. 20, PageID.91).

In his Rule 60(b)(3) motion, however, [Plaintiff] asserted that a third party acting on his behalf submitted a request to the Michigan Department of Technology, Management, and Budget ("DTMB"), pursuant to the Michigan Freedom of Information Act, and learned that two searches of Defendant's email were performed, but neither covered the time period in question (June 1, 2019 to November 15, 2019). (ECF No. 44, PageID.439-40.) Thus, [Plaintiff] argues that [Defendant's] attorney committed fraud on the court by claiming to have reviewed email search results for this time period, and to have found no responsive documents, when no such search was actually performed.

In response to [Plaintiff's] motion, however, [Defendant's] counsel provided the [magistrate judge] with the actual e-mail that showed a search was conducted by the DTMB of [Defendant's] email over the appropriate dates. (ECF No. 45-1). That email indicates that "34 items" were found and provides a link to a discovery database where those documents could be reviewed. (*Id.*) [Plaintiff] challenges the wording of this email, asserting in his reply brief that "the DTMB email indicates that [Defendant] requested a search of her mailbox and online archive ... [but] does not state that [Defendant] or her attorney had been provided with any actual emails located as a result of this search." (ECF No. 47, PageID.479). But, [Plaintiff's] argument ignores that [Defendant's] attorney specifically averred, "Of the emails and attachments returned by DTMB's search between June 1 and November 15, 2019, no non-privileged documents mentioned Plaintiff Young. The emails mentioned either other prisoners or MDOC employees with the common surname of Young. [Plaintiff] was thereafter informed that no responsive documents existed." (ECF No. 45, PageID.450). Thus, [Defendant's] attorney has represented to the Court that the requested e-mails were in fact reviewed, and [Plaintiff] has come forward with no evidence rebutting this assertion, let alone clear and convincing evidence of fraud that would justify setting aside the judgment in this case.

5

(ECF No. 52, PageID.522-23.)

### 2. Analysis

Plaintiff's first objection states: "[The magistrate judge] erred by concluding that Plaintiff produced no evidence to rebut counsel for Defendant (sic) averment that no non-privileged emails referring to Plaintiff were located during the search of Defendant's email and online archive." (ECF No. 55, PageID.533.) In support of this objection, Plaintiff points to his reply brief wherein he states that there were five emails sent to Defendant in June 2019 that were responsive to Plaintiff's discovery request yet not produced. (*See* ECF No. 47, PageID.481.) This is not the first time Plaintiff has made this argument nor is it the first time the Court has considered it. (*See, e.g.*, ECF Nos. 24, 34, 36, 41, 44.) In responding to this objection previously, the Court stated:

> Plaintiff contends the Magistrate Judge should have denied Defendant's motion for summary judgment because Defendant allegedly failed to comply with the Court's order compelling Defendant to produce certain documents and communications. This objection is overruled. As the Magistrate Judge observes in his order denying Plaintiff's request for the appointment of counsel, the discovery sought by Plaintiff would have no impact on the ultimate outcome of the motion for summary judgment. (ECF No. 34.) In addition, Plaintiff fails to establish that Defendant failed to comply with her discovery obligations. The record reflects that a diligent search of Defendant's e-mails was conducted and no responsive, non-privileged, documents were found to produce. The Court finds no error in the Magistrate Judge's handling of discovery or the summary judgment evidence.

(ECF No. 41, PageID.413.)

Plaintiff's duplicative argument does not warrant a separate analysis or different outcome here. Objections that merely restate arguments previously presented do not

sufficiently identify alleged errors on the part of the magistrate judge. *Senneff*, 2017 WL 710651, at *2. Accordingly, Plaintiff's objection is overruled.

    **B.    Objection Number Two**

    *1.  Additional Background Information Pertaining to Second Objection*

The following background is taken from the magistrate judge's R&R:

> Plaintiff claims that, on April 1, 2021, more than two full years after the incident in question, he was ordered to report to the "school building" regarding a grievance he filed the day before. (ECF No. 46, PageID.463-64). When he did so, an unidentified woman approached him, "positioning herself into close contact with him." (*Id.*, PageID.464). Ultimately, [Plaintiff] asked the woman for her name "and was completely taken aback when she identified herself as [Defendant]. [Plaintiff] claims that [Defendant's] conduct on April 1, 2021, "wherein she initiated private and close-contact encounter with [him] is irreconcilable with her summary judgment affidavit claims that [Plaintiff] posed a 'heightened risk of violence' toward her and that she feared for her safety." (*Id.*, PageID.466).
>
> There are two problems with [Plaintiff's] argument that [Defendant's] conduct on April 1, 2021, is evidence that she "submitted a false affidavit in support of her motion for summary judgment," justifying relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2). (*Id.*, PageID.463). First, as a general matter, the "newly discovered evidence" giving rise to a Rule 60(b)(2) motion "must pertain to evidence which existed at the time of trial." *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 136 (6th Cir. 1990). This newly discovered evidence may not merely be probative of facts in existence at the time of trial but must itself establish such facts. *See Satyam Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427-28 (6th Cir. 2009) (declining to review letters that surfaced several months after final judgment tending to show that the defendant may have misrepresented the nature of its approval of a transfer of shares). Given that [Plaintiff's] April 1, 2021, interaction with [Defendant] occurred after final judgment was issued on December 16, 2020, it may not form the basis of a Rule 60(b)(2) motion. Moreover, the interaction at issue occurred more than two years after the events at issue in this case, and the fact that [Defendant]

7

> might have spoken with [Plaintiff] at close range regarding a grievance filed on March 31, 2021, is simply not evidence as to how she felt when receiving [Plaintiff's] letter some two years prior. [Plaintiff's] assertion that [Defendant's] conduct in April 2021 somehow renders false the statements she made regarding how she felt in December 2018 is wholly speculative.

(ECF No. 52, PageID.524-26.)

### 2. Analysis

Plaintiff's second objection states: "[The magistrate judge] erred by concluding that Plaintiff's April 1, 2021[ ] interaction with Defendant does not constitute newly discovered evidence for purposes of Rule 60(b)(2)." (ECF No. 55, PageID.537.) In support of this objection, Plaintiff compares the alleged April 2021 incident to Defendant's affidavit which Defendant relied upon in defeating Plaintiff's motion for summary judgment. As Defendant's affidavit was created after the events at issue in this case and properly considered, Plaintiff believes his statement regarding the April 2021 incident should also be considered. Plaintiff's argument lacks merit, however, as the alleged April 2021 incident occurred not only after the events at issue in this case, but after the case was dismissed with prejudice on Defendant's motion for summary judgment. Evidence of a separate event that occurred after final disposition of a case may not be considered in support of a Rule 60(b) motion. The remainder of Plaintiff's arguments on this issue are merely restatements of the arguments he made in his April 14, 2021 motion for relief from judgment. Essentially, Plaintiff disagrees with the magistrate judge's conclusion, but this does not constitute a valid objection. *See Howard*, 932 F.2d at 508. As above with Plaintiff's first objection, the Court finds that Plaintiff's duplicative arguments do not

8

sufficiently identify any alleged error on the part of the magistrate judge. *See Senneff*, 2017 WL 710651, at *2.

### C. Objection Number Three

Plaintiff's third objection pertains to the magistrate judge's order denying Plaintiff's motion for a hearing on his pending motions. (ECF No. 53) As this was a final order by the magistrate judge and not a report and recommendation, any objection to the order is improper. Moreover, per Eastern District of Michigan Local Rule 7.1(f), the magistrate judge was not required to hold a hearing. Thus, this objection is also overruled.

## IV. Motion to Vacate

Plaintiff's motion to vacate the December 20, 2021 order revolves around the Court's failure to analyze Plaintiff's objections to the report and recommendation. (ECF No. 56.) As discussed above, although the objections are dated December 13, 2021, the Court did not receive them until December 27, 2021, after entry of the December 20, 2021 order. The Court's late receipt of the objections appears to be due to mailing delays and is not the fault of Plaintiff. They are timely received. Nevertheless, for the reasons stated above, each of Plaintiff's objections has been overruled. Plaintiff's motion to vacate (ECF No. 56) is therefore DENIED.

## V. Conclusion

For the above-stated reasons, Plaintiff's objections to the December 1, 2021 report and recommendation (ECF No. 55) are **OVERRULED**, and his motions to vacate (ECF

9

No. 56), for relief from judgment (ECF No. 57) and to supplement (ECF No. 60) are **DENIED**.

**SO ORDERED.**

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated: June 23, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 23, 2022, by electronic and/or ordinary mail.

                                      s/Lisa Bartlett
                                      Case Manager